**QUAN XIE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–73028.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 23, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Tarigo, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Siu P. Wong, DOJ— U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Quan Xie, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

The IJ found that Xie was not credible, in part, because of inconsistencies as to whether Xie was notified to register with the police following a government crackdown on Falun Gong practitioners, and as to whether Xie's wife practiced Falun Gong with him. We conclude that Xie's asylum claim fails because these inconsistencies are supported by the record and go to the heart of his asylum claim. *See id.*

Because Xie failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Xie's CAT claim is based on the same evidence that the IJ found was not credible, we deny the CAT claim as well. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.